## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

Jessica Mendez, f/k/a Cox, individually )
and on behalf of all others similarly )
situated, )
                                 )
      Plaintiff, )
                                   )
      v. )    No. 03 C 6753
                                   )
M.R.S. Associates, a New Jersey )    Judge Pallmeyer
corporation, )    Magistrate Judge Levin
                                   )
      Defendant. )

FILED
JAN 2 3 2004
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

DOCKETED
JAN 3 0 2004

## NOTICE OF MOTION

**TO:   SEE ATTACHED SERVICE LIST**

    **PLEASE TAKE NOTICE** that at 9:30 a.m. on January 29, 2004, we shall appear before the Honorable Rebecca R. Pallmeyer, in Room 2119 of the District Court for the Northern District of Illinois, Eastern Division, 219 South Dearborn Street, Chicago, Illinois, and then and there present the attached, **Plaintiff's Motion and Memorandum in Support of Class Certification**, a copy of which is hereby served upon you.

_____
One of Plaintiff's Attorneys

Dated:  January 26, 2004

David J. Philipps
Mary E. Philipps
Gomolinski & Philipps, Ltd.
8855 S. Roberts Road
Hickory Hills, Illinois 60457
(708) 974-2900
(708) 974-2907 (FAX)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

*FILED*

*JAN 2 3 2004*

*MICHAEL W. DOBBINS*
*CLERK, U.S. DISTRICT COURT*

| | | |
|---|---|---|
| Jessica B. Mendez, f/k/a Cox, individually and on behalf of all others similarly situated, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 03 C 6753 |
| M.R.S. Associates, a New Jersey corporation, | ) ) ) | Judge Pallmeyer Magistrate Judge Levin |
| Defendant. | ) ) | |

*DOCKETED*

*JAN 3 0 2004*

### PLAINTIFF'S MOTION AND MEMORANDUM
### IN SUPPORT OF CLASS CERTIFICATION

Plaintiff, Jessica B. Mendez, f/k/a Cox, individually and on behalf of all others

similarly situated, hereby requests that this Court certify a class in this matter. In

support of this motion, Plaintiff states:

### INTRODUCTION

Plaintiff, Jessica B. Mendez, f/k/a Cox, filed her Complaint on September 24,

2003, alleging that Defendant's, M.R.S. Associates' ("MRS"), form debt collection letter

violated § 1692g of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq.

("FDCPA"). Specifically, § 1692g of the FDCPA requires that, within 5 days of

Defendant MRS's first communication to a consumer, an effective validation notice

must be provided, i.e., notice that the consumer has 30 days to challenge the validity of

the debt and seek verification of it. Here, although Defendant MRS's letter contains the

notice required by § 1692g, other language contained in its letter renders that validation

notice ineffective. Specifically, the statement in Defendant's letter that, "If for some

*10*

reason you believe this debt is not valid, please review your rights listed at the bottom of this letter and contact our office to explain the nature of the dispute" wrongly makes it appear that consumers can only dispute the debt if they believe the debt is not valid and they have some explanation as to why the debt is not valid. In fact, a consumer can dispute the validity of a debt for a good reason, a bad reason, or no reason at all. (See, Whitten v. ARS National Services, Inc., 2002 WL 1050320 and 2002 WL 1332001 (N.D. Ill. 2002)). Defendant's statement wrongly confuses consumers as to their rights to dispute the validity of the alleged debt, and thus violates § 1692g of the FDCPA.

Plaintiff Mendez requests that this Court allow her to represent a class of all persons in Illinois from whom MRS attempted to collect a consumer debt, from September 24, 2002 to September 24, 2003, relating to a debt allegedly owed to First Premier Bankcard, via the same form debt collection letter, which is attached to the Complaint and to this motion as Exhibit A.

## ARGUMENT

### The Requirements Of FRCP 23 Are Satisfied And Therefore This Case Should Proceed As A Class Action

The courts in this district have repeatedly held that it is appropriate to certify FDCPA claims for class action treatment. (See, Gammon v. G.C. Services Limited Partnership, 162 F.R.D. 313 (N.D. Ill. 1995).[1] Moreover, Congress specifically

---

[1] See e.g., Wilkerson v. Bowman, 2001 WL 681281 (N.D. Ill. 2001)(Pallmeyer, J.), attached as Exhibit B; Daley v. Provena Hospitals, 193 F.R.D. 526 (N.D. Ill. 2000) (Alesia, J.); Vines v. Sands, 188 F.R.D. 302 (N.D. Ill. 1999)(Bucklo, J.); Wells v. McDonough, 188 F.R.D. 277 (N.D. Ill. 1999)(Marovich, J.); Clark v. Retrieval Masters Creditors Bureau, 185 F.R.D. 247 (N.D. Ill. 1998)(Bucklo, J.); Sledge v. Sands, 182

2

contemplated that the class action device would be used to foster enforcement of the FDCPA. See, § 1692k(a)(2)(B) of the FDCPA.

Class certification is appropriate when all of the elements of Rule 23(a)[2] and one of the elements of Rule 23(b) have been satisfied. (Keele, 1996 WL 124452 at [*1])(Ex. C). As shown below, this action satisfies the requirements of Rule 23(a) and (b)(3). This Court should certify this action as a class action pursuant to Rule 23(b)(3), because questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy. (See e.g., Keele, 1996 WL 124452 at [*4] (Ex. C); Avila v. Van Ru, 1995 WL 41425 at [*6]-[*8] (Ex. D); Beasley, 1994 WL 362185 at [*5]-[*6] (Ex. F).

## A.    Numerosity Is Satisfied.

Plaintiff seeks to represent a class of all persons from whom Defendant attempted to collect consumer debts using the same form debt collection letter it sent to Plaintiff. A proposed class must be so numerous that joinder of all members is

---

F.R.D. 255 (N.D. Ill. 1998)(Bucklo, J.); Randle v. G.C. Services, L.P., 181 F.R.D. 602 (N.D. Ill. 1998)(Gettleman, J.); Wilborn v. Dun & Bradstreet Corp., 180 F.R.D. 347 (N.D. Ill. 1998)(Gettleman, J.); Peters v. AT&T Corp., 179 F.R.D. 564 (N.D. Ill. 1998)(Bucklo, J.); Keele v. Wexler, 1996 WL 124452 (N.D. Ill. 1996)(Gettleman, J.), attached as Exhibit C; Avila v. Van Ru Credit Corp., 1995 WL 41425 (N.D. Ill. 1995)(Conlon, J.), attached as Exhibit D; Holloway v. Pekay, 1995 WL 736925 (N.D. Ill. 1995)(Coar, J.), attached as Exhibit E; Beasley v. Blatt, 1994 WL 362185 (N.D. Ill. 1994)(Leinenweber, J.), attached as Exhibit F; and Brewer v. Freidman, 152 F.R.D. 142 (N.D. Ill.1993) (Norgle, J.).

2 Under Rule 23(a) a class action is appropriate when: (1) the class is sufficiently numerous, (2) there are common questions of law or fact, (3) the claims are typical, and (4) the representative party will protect the class' interests.

impracticable. (Keele, 1996 WL 124452 at [*3])(Ex. C).    Here, Defendant has

admitted, in paragraph 11 of its Answer to the Complaint, that more than 35 persons

received the same collection letter. Thus, numerosity is clearly not an issue.

**B.    There Are Questions Of Law And Fact Common To The Class.**

The requirement of Rule 23(a)(2) is satisfied if there is at least one question of

fact or law which is common among the class members. (Sledge, 182 F.R.D. at 258;

Peters, 179 F.R.D. at 567; Keele, 1996 WL 124452 at [*3](Ex. C), Beasley, 1994 WL

362185 at [*3])(Ex. F). The commonality requirement is satisfied here, as in Sledge,

Peters, Keele and Beasley, because the same two issues are to be resolved: 1)

whether Defendant's form collection letter violates the FDCPA; and, 2) the appropriate

relief to be awarded.

**C.    The Claims Of The Representative Plaintiff Are Typical Of The Claims
Of All Class Members.**

Rule 23(a)(3) requires that "the claim or defenses of the representative parties

be typical of the claims or defenses of the class." (Wilkerson, 2001 WL 681281 at

[*4](Ex. B); Beasley, 1994 WL 362185 at [*3](Ex. F); see also, Brewer, 152 F.R.D. at

144; Keele, 1996 WL 124452 at [*4](Ex. C)). A plaintiff's claim is typical if it arises out

of the same practice or course of conduct that gives rise to the claims of the other class

members and her claim is based on the same legal theory. (Wilkerson, 2001 WL

681281 at [*4](Ex. B); Beasley, 1994 WL 362185 at [*3](Ex. F); see also, Brewer, 152

F.R.D. at 144; Keele, 1996 WL 124452 at [*4](Ex. C)). Here, as in Wilkerson, Beasley,

Brewer and Keele, Plaintiff's claims are typical of the claims of the class because they

are brought pursuant to the FDCPA and relate to the identical form debt collection

4

letter, and thus, involve the same course of conduct by Defendant. Therefore, the requirement of Rule 23(a)(3) is satisfied.

**D. Plaintiff Will Fairly And Adequately Protect The Interests Of The Class.**

Rule 23(a)(4) requires that the named plaintiff fairly and adequately protect the interests of the class. The three factors important for that determination are:

(1) whether the plaintiff has interests that are antagonistic to the class;

(2) whether the plaintiff has a sufficient interest in the outcome to ensure vigorous advocacy; and

(3) plaintiff's counsel's qualifications, experience, and ability to conduct the litigation vigorously.

(Gammon, 162 F.R.D. at 317-319).

Plaintiff Mendez received the same form debt collection letter as the members of the proposed class. Plaintiff's interests are not antagonistic to the class' interests because Plaintiff's claims are identical to the claims of the proposed class. Plaintiff Mendez has a sufficient interest in the outcome of this suit because she and the class both stand to recover damages. Finally, Plaintiff's attorneys are experienced in litigating class actions, including FDCPA class actions. Cases where Plaintiff's attorneys have been appointed class counsel are detailed in Exhibit G. Therefore, the requirements of Rule 23(a)(4) are satisfied.

**E. This Action Is Properly Maintained As A Rule 23(b)(3) Class Action**

Plaintiff seeks certification of a Rule 23(b)(3) class. An action is properly

maintained as a class action, pursuant to Rule 23(b)(3), where the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. (See e.g., Sledge, 182 F.R.D. at 259; Wilborn, 180 F.R.D. at 356-357; Keele, 1996 WL 124452 at [*4](Ex. C); Avila v. Van Ru, 1995 WL 41425 at [*7]-[*8](Ex. D); Beasley, 1994 WL 362185 at [*5]-[*6] (Ex. F)).

Plaintiff's claims fit squarely into Rule 23(b)(3) because Defendant's liability to each class member is based on the same legal theory and the same form debt collection letters members of the proposed class received. (See, Beasley, 1994 WL 362185 at [*5](Ex. F). Moreover, a class action is superior to other methods of litigating this matter because: 1) it is unlikely that most of the people who received the form debt collection letter are aware of their rights under the FDCPA and thus, a class action insures that all members' rights are protected; 2) the maximum amount that any class member can receive under the FDCPA is relatively small, and thus the interests of the class members in individually controlling the prosecution of their claims is small; 3) the principles of judicial economy and efficiency favor trying the legality of form letters in one litigation, rather than forcing each person who received the letters to litigate his or her claim individually; and 4) this case should not present any significant management problems if certified as a class action. (See, Beasley, 1994 WL 362185 at [*5](Ex. F).

WHEREFORE, Plaintiff, Jessica B. Mendez, f/k/a Cox, respectfully requests that this Court certify a class in this matter, pursuant to Rule 23(b)(3), of all persons in Illinois from whom MRS attempted to collect a consumer debt, from September 24,

2002 to September 24, 2003, relating to a debt allegedly owed to First Premier

Bankcard, via the same form collection letter it sent Plaintiff.

Jessica B. Mendez, f/k/a Cox,
individually and on behalf of all others
similarly situated,

One of Plaintiff's Attorneys

Dated: January 26, 2004

David J. Philipps
Mary E. Philipps
Gomolinski & Philipps, Ltd.
8855 S. Roberts Road
Hickory Hills, Illinois 60457
(708) 974-2900
(708) 974-2907 (FAX)

7

# SEE CASE FILE FOR EXHIBITS