**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

FILED

NOV 3 0 2004 *rd*

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | | |
|---|---|---|
| Jessica B. Mendez, f/k/a Cox, individually and on behalf of all others similarly situated, | ) ) ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 03 C 6753 |
| | ) | |
| M.R.S. Associates, a New Jersey corporation, | ) ) | Judge Pallmeyer Magistrate Judge Levin |
| | ) | |
| Defendant. | ) | |

## NOTICE OF FILING

To:    See Attached Certificate of Service

PLEASE TAKE NOTICE that we have today filed the **Class Representative's Motion for Summary Judgment**, the **Class Representative's Memorandum in Support of Summary Judgment** and the **Class Representative's Local Rule 56.1 Statement of Material Facts** with the Clerk of the United States District Court for the Northern District of Illinois, Dirksen Federal Building, 219 South Dearborn, Chicago, Illinois, a copy of which is attached and hereby served upon you.

_____
One of the Attorneys for the Plaintiff Class

DATED: November 30, 2004

David J. Philipps
Mary E. Philipps
Gomolinski & Philipps, Ltd.
8855 South Roberts Road
Hickory Hills, IL 60457
(708) 974-2900
(708) 974-2907 (FAX)



# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

**FILED**

NOV 30 2004

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | | |
|---|---|---|
| Jessica B. Mendez, f/k/a Cox, individually and on behalf of all others similarly situated, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 03 C 6753 |
| M.R.S. Associates, a New Jersey corporation, | ) ) ) | Judge Pallmeyer Magistrate Judge Levin |
| Defendant. | ) ) | |

## CLASS REPRESENTATIVE'S
## MOTION FOR SUMMARY JUDGMENT

Class Representative, Jessica B. Mendez, f/k/a Cox ("Mendez"), individually and on behalf of all others similarly situated, moves this Court, pursuant to Fed.R.Civ.P. 56, to enter summary judgment in her and the Class' favor as to Defendant's liability on their claims under the Fair Debt Collection Practices Act. In support of this motion, the Class Representative states:

1.      On September 24, 2003, Jessica B. Mendez, f/k/a Cox ("Mendez"), filed a class action lawsuit alleging that Defendant, M.R.S. Associates ("MRS") had violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") in the initial form debt collection letter MRS sent to Mendez, dated October 1, 2002. (56.1 Stat. at ¶ 5)[1].

2.      Plaintiff Mendez's Complaint sets forth that Defendant MRS's form debt

---

[1] References to "56.1 Stat." refer to the Class Representative's Local Rule 56.1 Statement of Material Facts, which is attached to the accompanying Memorandum as Exhibit 1.



collection letter violated the FDCPA because the validation notice required by § 1692g of the FDCPA – advising consumers they have 30 days to dispute the debt – was overshadowed, and thus rendered ineffective, by other language in MRS's letter. (Complaint at ¶ 7 and Exhibit A thereto).

3.      Specifically, the statement in Defendant's letter that, "If for some reason you believe this debt is not valid, please review your rights listed at the bottom of this letter and contact our office to explain the nature of the dispute" wrongly makes it appear that consumers can only dispute the debt if they believe the debt is not valid, and they have some explanation as to why the debt is not valid.

4.      In fact, a consumer can dispute the validity of a debt for a good reason, a bad reason, or no reason at all.  (See, DeSantis v. Computer Credit, Inc., 269 F.3d 159, 162 (2nd Cir. 2001); Whitten v. ARS National Services, Inc., 2002 WL 1050320 and 2002 WL 1332001 (N.D. Ill. 2002)(attached as Group Exhibit 2); Frey v. Satter, Beyer & Spires, 1999 WL 301650 (N.D. Ill. 1999)(attached as Exhibit 3); and Castro v. ARS National Services, Inc., 2000 WL 264310 at [*3](S.D.N.Y. 2000)(attached as Exhibit 4). Defendant MRS's statement wrongly confuses consumers as to their rights to dispute the validity of the alleged debt, and thus violates § 1692g of the FDCPA.

5.      There is no dispute as to the issues of material fact necessary to render a judgment in this matter.  Plaintiff has testified, and Defendant admits, that the debt involved was a consumer debt, incurred primarily for personal, family of household purposes, see 15 U.S.C. § 1692a(5). (56.1 Stat. ¶ 3).  Defendant admits that it is a debt collector (56.1 Stat. at ¶ 4) and that it sent Plaintiff the initial form debt collection letter attached as Exhibit A to Plaintiff's Complaint, within one year of the date of the

2

Complaint (56.1 Stat. at ¶¶ 5, 6). The only matter at issue is whether the language in Defendant's initial collection letter violated Section 1692g of the FDCPA.

6.     Defendant MRS's violation of the FDCPA is clear. The Class Representative and the Class are entitled to summary judgment as a matter of law on the issue of Defendant's liability under the FDCPA.

7.     A memorandum of law in support of this motion is attached.

WHEREFORE, the Class Representative, Jessica B. Mendez, requests that this Court enter summary judgment in favor of her and the Class as to Defendant's liability on their claims under the FDCPA.

Jessica B. Mendez, f/k/a Cox,
individually and on behalf of all others
similarly situated,

One of Attorneys for the Plaintiff Class

Dated: November 30, 2004

David J. Philipps
Mary E. Philipps
Gomolinski & Philipps, Ltd.
8855 S. Roberts Road
Hickory Hills, Illinois 60457
(708) 974-2900
(708) 974-2907 (FAX)

3

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

Jessica B. Mendez, f/k/a Cox,     )
individually and on behalf of all others  )
similarly situated,              )
                              )
     Plaintiff,              )
                              )
     v.                     )    No. 03 C 6753
                              )
M.R.S. Associates, a New Jersey    )    Judge Pallmeyer
corporation,                 )    Magistrate Judge Levin
                              )
     Defendant.           )

## CLASS REPRESENTATIVE'S
## MEMORANDUM IN SUPPORT OF SUMMARY JUDGMENT

Class Representative, Jessica B. Mendez, f/k/a Cox ("Mendez"), individually and

on behalf of all others similarly situated, submits the following memorandum of law in

support of her and the Class' Motion for Summary Judgment:

### FACTUAL BACKGROUND

On September 24, 2003, Jessica B. Mendez, f/k/a Cox ("Mendez"), filed a class

action lawsuit alleging that Defendant, M.R.S. Associates ("MRS") had violated the Fair

Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") in the initial form

debt collection letter MRS sent to Mendez, dated October 1, 2002. (Complaint at ¶ 7).

Plaintiff Mendez's Complaint sets forth that Defendant MRS's form debt

collection letter violated the FDCPA because the validation notice required by § 1692g

of the FDCPA – advising consumers they have 30 days to dispute the debt – was

overshadowed, and thus rendered ineffective, by other language in MRS's letter.

(Complaint at ¶ 7 and Exhibit A thereto).

Specifically, the statement in Defendant's letter that, "If for some reason you believe this debt is not valid, please review your rights listed at the bottom of this letter and contact our office to explain the nature of the dispute" (56.1 Stat. at ¶ 5)[1] wrongly makes it appear that consumers can only dispute the debt if they believe the debt is not valid, and they have some explanation as to why the debt is not valid. In fact, a consumer can dispute the validity of a debt for a good reason, a bad reason, or no reason at all. (See, DeSantis v. Computer Credit, Inc., 269 F.3d 159, 162 (2nd Cir. 2001); Whitten v. ARS National Services, Inc., 2002 WL 1050320 and 2002 WL 1332001 (N.D. Ill. 2002)(attached as Group Exhibit 2); Frey v. Satter, Beyer & Spires, 1999 WL 301650 (N.D. Ill. 1999)(attached as Exhibit 3); and Castro v. ARS National Services, Inc., 2000 WL 264310 at [*3](S.D.N.Y. 2000)(attached as Exhibit 4). Defendant MRS's statement wrongly confuses consumers as to their rights to dispute the validity of the alleged debt, and thus violates § 1692g of the FDCPA.

On August 3, 2004, this Court certified a Class in this matter of all persons in the State of Illinois from whom Defendant MRS attempted to collect a consumer debt from September 24, 2002 to September 24, 2003, relating to a debt allegedly owed to First Premier Bankcard via the same form debt collection letter Defendant MRS sent to Plaintiff, see, Mendez v. M.R.S. Associates, 2004 WL 1745779 at [*7] (N.D. Ill. 2004)(attached as Exhibit 5).

Plaintiff Mendez now moves for summary judgment.

---

1 References to "56.1 Stat." refer to the Class Representative's Local Rule 56.1 Statement of Material Facts, which is attached hereto as Exhibit 1.

2

## ARGUMENT

A Court may grant summary judgment when there is no genuine issue as to any material fact and the moving party is entitled to summary judgment as a matter of law. Fed.R.Civ.P. 56(c). A party seeking summary judgment has the burden of establishing the lack of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

There is no dispute as to the issues of material fact necessary to render a judgment in this matter. Plaintiff has testified, and Defendant admits, that the debt involved was a consumer debt, incurred primarily for personal, family of household purposes, see 15 U.S.C. § 1692a(5). (56.1 Stat. ¶ 3). Defendant admits that it is a debt collector (56.1 Stat. at ¶ 4) and that it sent Plaintiff the initial form debt collection letter attached as Exhibit A to Plaintiff's Complaint, within one year of the date of the Complaint (56.1 Stat. at ¶¶ 5, 6). The only matter at issue is whether the language in Defendant's initial collection letter violated Section 1692g of the FDCPA.

The FDCPA provides consumers with important rights to protect them from "unfair, harassing and deceptive debt collection practices." (See, S. Rep. No. 382 95th Cong. 1st Sess., 1-2 (1977), reprinted in U.S.C.C.A.N. 1696). One of the most important rights provided by the FDCPA is the right to seek validation of the debt. To ensure that consumers are made aware of their validation rights, the FDCPA imposes an affirmative duty on all debt collectors to provide to consumers, within 5 days of their initial communication, a validation notice, which informs consumers that they have 30 days to dispute the validity of the debt, or any portion thereof, and the right to obtain verification of the debt. (15 U.S.C. §1692g(a)).

3

The validation notice must be effectively conveyed -- it is not enough merely to include the notice: it "must be large enough to be easily read and sufficiently prominent to be noticed — even by [an unsophisticated] debtor." Swanson v. Southern Oregon Credit Services, Inc., 869 F.2d 1222, 1225 (9th Cir. 1988). Moreover, the notice must not be overshadowed, i.e., contradicted or confused, by other language in that communication or in subsequent communications within the 30-day validation period. (Avila v. Rubin, 84 F.3d 222, 226-27 (7th Cir. 1996); Russell v. Equifax A.R.S., 74 F.3d 30, 34-35 (2nd Cir. 1996)). The Seventh Circuit has stated that "the unsophisticated consumer is to be protected against confusion, whatever form it takes." Bartlett v. Heibl, 128 F.3d 497, 500 (7th Cir. 1997). Finally, the language used in Defendant's collection letter is to be interpreted via the objective "unsophisticated consumer" standard. See Gammon v. GC Services Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

I.    **Limiting Consumers' Rights To Validation Of The Debt Only To Those Who Believe That The Debt Is Not Valid And Requiring An Explanation Of The Nature Of The Dispute Violates § 1692g Of The FDCPA**

Defendant MRS's letter informs consumers that, "If for some reason you believe this debt is not valid, please review your rights listed at the bottom of this letter and contact our office to explain the nature of the dispute". By limiting the right to validation only to those who believed the debt was not valid and adding the additional requirement that consumers must "explain the nature of the dispute", MRS misstated the requirements of § 1692g of the FDCPA -- which allows consumer to demand validation regardless of whether they believe the debt to be valid and does not require consumers to provide the debt collector with any sort of explanation should they wish to dispute the

4



debt.

Each consumer who received MRS's letter was misinformed of the requirements of § 1692g of the FDCPA, and led to believe that the rights to validation applied only to those who believed the debt was not valid and that ,in order to dispute the debt, they had to provide MRS with an explanation of the nature of the dispute. Thus, Defendant's MRS's form debt collection letter violated § 1692g of the FDCPA.

In DeSantis v. Computer Credit, Inc., 269 F.3d 159 (2nd Cir. 2001) the Second Circuit noted that:

> The Act, however, gives the consumer the right to notify the debt collector that the debt "is disputed", in which event the collector must cease all efforts to collect until it has verified the debt and mailed verification to the consumer. The consumer's right to take the position, at least initially, that the debt is disputed does not depend on whether the consumer has a valid reason not to pay.

DeSantis, 269 F.3d at 162. The Second Circuit then held that a debt collector's statement, that the creditor "insists" on a "valid reason" for failure to make payment, was arguably inconsistent with the required validation notice, and that thus the Plaintiff in DeSantis had stated a claim upon which relief could be granted. DeSantis, 269 F.3d at 162.

In a similar matter, Judge Lefkow, in reliance on DeSantis, found that a debt collector's requirement --that the consumer submit "suitable dispute documentation" -- contradicted the plain language of the statute:

> The plain language of § 1692g(a) requires only that the consumer notify the debt collector within thirty days that the debt, or any portion thereof, is disputed. There is no requirement that the consumer include with her notification any type of documentation, let alone 'suitable' documentation, to dispute the debt. Indeed, such requirement is akin to requiring a 'valid' reason to dispute the debt, which other courts have held is not part of the

5

FDCPA's requirements.

<u>Whitten</u>, 2002 WL 1050320 at [*4] (Ex. 2).

Moreover, in <u>Frey v. Satter, Beyer & Spires</u>, 1999 WL 301650 (N.D. Ill. 1999) (attached as Exhibit <u>3</u>), Judge Manning, in denying a motion to dismiss, noted that the defendant debt collector's inclusion of a requirement, to specify the "nature of the dispute", was not required under the FDCPA, and that thus the Plaintiff in Frey had adequately stated a claim under §1692g of the FDCPA.  Frey, 1999 WL 301650 at [*5]. Similarly, in <u>Castro</u>, the court noted that:

> Section 1692g(a)(3) does not require debtors to provide documentation of any specific or "suitable" kind when they seek to contest the validity of a debt.  The statute simply requires that the consumer submit a writing stating that all or a portion of a debt is disputed.  In other words, a letter stating "I dispute the debt" would suffice for purposes of § 1692g(a)(3).

<u>Castro</u>, 2000 WL 264310 at [*3](Ex. 4).

Indeed, in ruling upon class certification, this Court noted that:

> As Plaintiff observes, this confusion about the need for an explanation is the precise problem with Defendant's debt collection letter.  The additional language requiring the consumer to "explain the nature of the dispute," may indeed suggest that the consumer may not exercise validation rights without a valid basis for disputing the debt.

<u>Mendez</u>, 2004 WL 1745779 at [*4].

Insisting upon a "valid reason", as was done in <u>DeSantis</u>, or requiring a consumer to provide "suitable dispute documentation", as was done in <u>Whitten </u>and <u>Castro</u>, or to specify the "nature of the dispute", as was done in <u>Frey</u>, is no different from what MRS did here -- referring consumers to their rights to dispute the debt, only if they believe the debt is not valid and requiring consumers to contact MRS to explain the nature of the dispute.  There is simply no requirement for any explanation to dispute the

6

validity of a debt and a consumer may dispute the debt whether they believe it to be valid or not.

## II.    Summary Judgment Is Appropriate

The Seventh Circuit has repeatedly held that, where, as here, the violation is apparent on the face of the collection letter at issue, the direct contradiction of the validation notice violates the FDCPA, see Bartlett v. Heibl, 128 F.3d 497, 501 (7th Cir. 1997); Chauncey v. JDR Recovery Corp., 118 F.3d 516, 518 (7th Cir. 1997); Avila v. Rubin, 84 F.3d 222, 226; (7th Cir. 1996); see also Whitten, 2002 WL 1050320 at [*3] (Ex. 2).

Recently, the Seventh Circuit held that, if the debt collection letter appears confusing to the court, and the plaintiff plausibly testifies that she was, in fact, confused by the letter -- and there is no reason to suppose the plaintiff unrepresentative of the consumers who received the form debt collection letter -- then the FDCPA plaintiff has met her burden of proof. See, Chuway v. National Action Financial Services, Inc., 362 F.3d 944, 948. (7th Cir. 2004).

Here, this Court has already noted the potential for confusion in Defendant MRS's form debt collection letter and found Ms. Mendez typical of the consumers who received this form debt collection letter from Defendant MRS. Mendez, 2004 WL 1745779 at [*4]-[*5].

Moreover, Ms. Mendez's credible and unimpeached testimony at her deposition was that MRS's letter confused her as to her rights under § 1692g of the FDCPA:

> Q.    Did you understand that you had a right to dispute the First Premier Bankcard debt?

7

A.    Not fully.

Q.    What do you mean by that?

A.    Well, the letter told me I needed to explain my dispute and I didn't feel that was anyone's business but my own.

\* \* \*

Q.    Did you have some understanding that you could dispute the debt?

A.    Yes, but that I needed an explanation.

(56.1 Stat. at ¶ 6).

In response to discovery requests, Defendant MRS admitted that it had conducted no studies or surveys regarding the wording of the form debt collection letter sent to Ms. Mendez and other members of the Class and its potential to confuse consumers.

Thus, the Class Representative and the Class have met their burden in showing that Defendant MRS's form debt collection letter violated § 1692g of the FDCPA. Clearly, by requiring that consumers who wished to dispute the debt provide MRS with an explanation, MRS has misstated the requirements of § 1692g of the FDCPA and thus ineffectively conveyed consumers' right to obtain validation of the debt, in violation of § 1692g of the FDCPA. Summary judgment should be granted to the Class Representative and the Class as to Defendant's liability.

## CONCLUSION

The Class Representative, Jessica B. Mendez, and the Class are entitled to judgment against MRS for its violation of the FDCPA and this Court should enter judgment as to liability in their favor and against Defendant.

8

Jessica B. Mendez, f/k/a Cox,
individually and on behalf of all others
similarly situated,

One of Attorneys for the Class

Dated: November 30, 2004

David J. Philipps
Mary E. Philipps
Gomolinski & Philipps, Ltd.
8855 S. Roberts Road
Hickory Hills, Illinois 60457
(708) 974-2900
(708) 974-2907 (FAX)

9

# *See Case File for Exhibits*