UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JESSICA B. MENDEZ, f/k/a FOX,                )
on behalf of herself and all                 )
others similarly situated,                   )
                                             )
                    Plaintiff,               )
                                             )
        v.                                   )    No. 03 C 6753
                                             )
M.R.S. ASSOCIATES, a New Jersey              )    Judge Rebecca R. Pallmeyer
Corporation,                                 )
                                             )
                    Defendant.               )

## MEMORANDUM OPINION AND ORDER

Plaintiff Jessica Mendez and hundreds of other Illinois residents received a form debt collection letter from Defendant M.R.S. Associates ("M.R.S.") seeking repayment of an unpaid credit card debt. Plaintiff alleges that the letter violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692(g), because it created the false impression that a consumer may dispute the debt only if she believes the debt to be invalid. In an earlier order, the court granted Plaintiff's motion to certify a class of borrowers who had received the same letter from Defendant. The parties now present cross-motions for summary judgment. For the reasons discussed below, Plaintiff's motion for summary judgment is granted, and Defendant's motion is denied.

## FACTUAL BACKGROUND[1]

Defendant M.R.S. Associates sent a form debt collection letter to Plaintiff Jessica Mendez on October 1, 2002 seeking collection of $491.51 owed on Plaintiff's First Premier Bankcard. (Letter

---

[1]     The facts underlying the present lawsuit are not in dispute. The following summary of the facts has been adapted from this court's prior memorandum order and opinion granting Plaintiff's motion for class certification.

from M.R.S. to Cox of 10/01/02, Ex. A to Plaintiff's Motion and Memorandum in Support of Class

Certification.) The letter ("collection letter") stated as follows:

> RE:    FIRST PREMIER BANKCARD
>        AMOUNT DUE: $491.51
>
> Dear JESSICA B. COX,
>
> The above referenced client has placed your account with our office for collection. This decision was made due to your continued failure to meet your contractual obligation. If for some reason you believe this debt is not valid, please review your rights listed at the bottom of this letter and contact our office to explain the nature of the dispute.
>
> If the debt is not in dispute, then you have an important decision to make: honor your contractual obligation and receive significant positive benefits from satisfying the debt or continue not honoring your contractual obligation and face the possibility of negative consequences. . . .
>
> ### IMPORTANT CONSUMER INFORMATION
>
> Unless you notify this office within 30 days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.
>
> This is an attempt to collect a debt and any information obtained will be used for that purpose. This communication is from a debt collection agency.
>
> > Sincerely,
> > [Signed]
> > Scott Eaches
> > Collection Manager
> > M.R.S. Associates, Inc.

(*Id.*) Defendant mailed this initial debt collection letter to approximately 750-900 Illinois residents

from whom it sought to collect similar debts. (Letter from Jennifer Wigington to David Phillips of

5/25/2002, Ex. A to Plaintiff's Reply in Support of Motion for Class Certification.)

Plaintiff alleges that Defendant's form debt collection letter violates the Fair Debt Collection Practices Act, 15 U.S.C. § 1692g, in its inclusion of language that confuses customers about their debt validation rights. The Act requires debt collectors to include, in any writing to consumers regarding a debt, "a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector." 15 U.S.C. § 1692g(4). Plaintiff concedes that Defendant's debt collection letter contained such language, but argues that additional language in the letter renders such validation notice ineffective to the extent it suggests the debtor must have a specific reason for disputing the debt. Specifically, Plaintiff points to a sentence in the first paragraph advising the debtor of the procedure for challenging the validity of the debt "if for some reason" the debtor "believe[s] the debt is not valid."

## DISCUSSION

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, demonstrate that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). Thus, "[s]ummary judgment is appropriate if, on the record as a whole, a rational trier of fact could not find for the non-moving party." *Rogers v. City of Chicago*, 320 F.3d 748, 752 (7th Cir. 2003). Moreover, summary judgment is particularly appropriate where the language of a document or contract is at issue. *See, e.g., Ooley v. Schwitzer Div., Household Mfg., Inc.*, 961 F.2d 1293, 1298 (7th Cir. 1992) ("A contract's language which lends itself to one reasonable interpretation is not ambiguous and, therefore, can be construed as a matter of law.") (citations omitted); *Whitten v. ARS Nat'l Servs., Inc.*,

3

No. 00 C 6080, 2002 WL 1050320, *3 (N.D. Ill. May 23, 2000) (granting summary judgment in plaintiff's favor in FDCPA case).

I.     **Fair Debt Collection Practices Act**

Congress enacted the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, to protect consumers from "abusive, deceptive, and unfair debt collection practices." *Bass v. Stolper, Koritzinsky, Brewster & Neider, S.C.*, 111 F.3d 1322, 1324 (7th Cir. 1997), *citing Jenkins v. Heintz*, 25 F.3d 536, 538 (7th Cir. 1994). The Act provides that within five days after a debt collector contacts a consumer debtor, the collector must send the debtor written notice containing specified information. Among the required information is a statement that if the consumer notifies the debt collector that he or she disputes all or a portion of the debt, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and mail such copy to the consumer. 15 U.S.C. § 1692g(a)(4). A debt collector who violates the statute is liable to the debtor for statutory damages not to exceed $1,000 per violation, in addition to any actual damages that the debtor may prove, plus a reasonable attorney's fee. 15 U.S.C. § 1692k(a)(1)-(2). In the case of class actions, which are expressly allowed under the Act, the named plaintiff may recover statutory damages up to $1,000; damages for the class as a whole are capped at $500,000.00 or 1% of the defendant's net worth, whichever is less. 15 U.S.C. § 1692k(a)(3).

Plaintiff does not dispute that Defendant's form debt collection letter contains the language required by § 1692g. Instead, Plaintiff focuses on additional language in the form letter, specifically, the phrase "*[i]f for some reason* you believe this debt is not valid, please review your rights listed at the bottom of this letter and contact our office to explain the nature of the dispute." In Plaintiff's view, this language misstates the requirements of § 1692g, which allows a consumer debtor to demand validation of the debt without providing any explanation of her belief that the debt may be

4

invalid. This phrase, Plaintiff asserts, rendered the statements in the collection letter confusing and thus violated § 1692g of the FDCPA.

Although the FDCPA does not expressly state that the required disclosures be made in a nonconfusing manner, the courts have recognized that the Act imposes an implied duty to avoid confusing consumer debtors by contradicting or overshadowing the required notice. *Olson v. Risk Management Alternatives, Inc.*, 366 F.3d 509, 512 (7th Cir. 2004), *citing Bartlett v. Heibl*, 128 F.3d 497, 500 (7th Cir. 1997); *Chauncey v. JDR Recovery Corp.*, 118 F.3d 516, 518 (7th Cir. 1997). "A debt validation notice, to be valid, must be effective, and it cannot be cleverly couched in such a way as to eviscerate its message." *Avila v. Rubin*, 84 F.3d 222, 226 (7th Cir. 1996). "The consumer 'is to be protected against confusion whatever form it takes,' be it outright contradiction, literal overshadowing, or the failure to explain an *apparent* contradiction." *Olson*, 366 F.3d at 512, *quoting Bartlett*, 128 F.3d at 500-01. The most typical cases involve, as in this case, a letter which fails to explain an "*apparent* though not actual contradiction." *Bartlett*, 128 F.3d at 500 (emphasis original); *see also Johnson v. Revenue Mgmt. Corp.*, 169 F.3d 1057, 1060 (7th Cir. 1999).

In considering whether a collection letter is confusing, courts examine debt collection letters through the lens of the "unsophisticated consumer." *Gammon v. GC Services Limited Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994). This standard "protects the consumer who is uninformed, naive, or trusting." *Id.* At the same time, the standard "admits an objective element of reasonableness . . . [which] in turn shields complying debt collectors from liability for unrealistic or peculiar interpretations of collection letters." *Id.* Significantly, proof that a letter violates the FDCPA does not require evidence that the plaintiff-recipient *was* confused as a matter of fact. *Walker v. Nat'l Recovery, Inc.*, 200 F.3d 500, 503 (7th Cir. 1999). Nor does compliance with the Act turn on whether a letter is internally contradictory. *Johnson*, 169 F.3d at 1060. As the Seventh Circuit has

noted, "[u]nsophisticated readers may require more explanation than do federal judges; what seems pellucid to a judge, a legally sophisticated reader, may be opaque to someone whose education ended in sixth grade." *Id.* As a result, a judge may need to receive evidence (including, for example, survey evidence) of how an unsophisticated reader reacts to a letter. *Id.* In contrast, where a contradiction or inconsistency is apparent from the face of the letter, summary judgment is appropriate for the plaintiff. *See Bartlett*, 128 F.3d at 501 (reversing judgment for defendant where "we [the court] found [defendant's letter confusing], and do not like to think of ourselves as your average unsophisticated consumer"); *Whiten v. ARS Nat'l Servs., Inc.*, No. 00 C 6080, 2002 WL 1050320, *3 (N.D. Ill. May 23, 2002) (granting plaintiff's motion for summary judgment where letter was facially contradictory).

Plaintiff contends that she is entitled to summary judgment because Defendant's collection letter on its face impermissibly imposes a requirement that she have a valid reason for disputing the debt in order to exercise her validation rights. According to Plaintiff, the language in question – "[i]f for some reason you believe this debt is not valid, please review your rights at the bottom of this letter and contact our office to explain the nature of the dispute"–contradicts the plain language of the FDCPA, which imposes no such requirement. Section § 1692g(a) mandates that, if the consumer debtor notifies the debt collector within thirty days that the debt, or any portion of it is disputed, the debt collector will obtain and provide verification of the debt. There is no requirement that the consumer have a valid reason for disputing the debt. *See DeSantis v. Computer Credit, Inc.*, 269 F.3d 159, 162 (2d Cir. 2001) ("The consumer's right to take the position, at least initially, that the debt is disputed does not depend on whether the consumer has a valid reason not to pay."); *Whitten*, No. 00 C 6080, 2002 WL 1050320, at * 4 ("other courts have held [that a valid reason to dispute the debt] is not part of the FDCPA's requirements"); *Frey v. Satter, Breyer & Spires*, No. 98 C 3957, 1999

6

WL 301650, * 5 (N.D. Ill. May 3, 1999) ("a requirement to specify the nature of the dispute is not required under 1692g(a)(3).").

Defendant asserts that Plaintiff's interpretation of the letter is unreasonable, and that the letter does not impose a requirement that consumer debtors have or specify a reason for disputing the debt. Defendant urges that the letter's language is sufficiently similar to the "safe harbor" language drafted by the Seventh Circuit in *Bartlett v. Heibl*, 128 F.3d 497, 502 (7th Cir. 1997) and *Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, and Clark, LLC*, 214 F.3d 872, 876 (7th Cir. 2000).[2] Although the letter nevertheless contained more than the minimum language necessary, Defendant asserts that its letter complies with the FDCPA.

The court is unpersuaded. The court agrees with Plaintiff that the language she challenges suggests that a debtor must have a valid reason for disputing the debt, despite the fact that the portion of the letter that explains the debtor's verification rights contains no such language. This message, whether portion of the letter than explains characterized as explicit or implicit, is inconsistent with the requirement under the FDCPA that a consumer debtor is entitled to dispute and received validation of a debt with, in Plaintiff's words, "a good reason, a bad reason, or no reason

---

[2] In *Bartlett*, the Seventh Circuit considered a claim that the defendant debt collector violated FDCPA by setting forth the 30-day period for disputing debt but also referring to the possibility of litigation within that period. This second provision, the court held, partially contradicted the verification notice by suggesting that the debt collector could file suit prior to providing such verification. In light of this contradiction, the court drafted safe harbor language protecting debt collectors from suits arising out of this contradiction. The court's recommended language included a provision stating: "If, however, you request proof of the debt . . . within the thirty-day period that begins with your receipt of this letter, the law requires me to suspend my efforts (through litigation or otherwise) to collect the debt until I mail the requested information to you." *Bartlett*, 128 F.3d at 502. Similarly, in *Miller*, the court drafted safe harbor language with regard to the "amount of debt" provision of the FDCPA. The language, which need not be repeated here, protected debt collectors from confusion regarding whether the amount of debt listed in the letter represented the amount owed at the time that the loan was made or when the collection was attempted. *Miller*, 214 F.3d at 876.

at all." (Complaint, at 3.) The court acknowledges that the two provisions are not necessarily contradictory; one could read the two provisions as requesting that debtors explain the nature of any dispute they have, but also allowing them the right of validation without such a reason or explanation. The Seventh Circuit has emphasized, however, that the FDCPA protects consumers from such an "*apparent* though not actual contradiction." *Bartlett*, 128 F.3d at 500 (emphasis in original); *see also DeSantis*, 269 F.3d at 161 ("Even if a debt collector conveys the required information, the collector nonetheless violates the Act if it conveys that information in a confusing or contradictory fashion so as to cloud the required message with uncertainty."). Here, the apparent contradiction between the two provisions of Defendant's letter could lead the average unsophisticated consumer to believe that she needed a valid reason for disputing the debt in order to exercise her validation rights.

Courts examining similar cases have reached the same conclusion. In *Whitten*, for example, the court held that a letter which contained a list of "suitable dispute documentation" violated the FDCPA. The court reasoned that this language suggested, contrary to the statute, that consumer debtors are required to present documentation of their reasons for disputing the debt in order to exercise their right of verification. *Whitten*, 2002 WL 1050320, at * 4. Defendant in *Whitten* argued that the letter did not demand documentation, but merely suggested the types of documentation that "might be helpful in order to facilitate an investigation into the dispute." *Id.* In rejecting this argument, the court held that the inclusion of this language "sends the message" that a debt can only be disputed if the debtor has a valid reason, with supporting documentation. *Id.* Similarly, in *Castro v. ARS Nat'l Servs., Inc.*, No. 99 C 4596, 2000 WL 264310, at *3 (S.D.N.Y. Mar. 8, 2000), defendant's form letter included, in addition to the standard verification notice, a list of suitable dispute documentation. The list appeared in a different part of the letter from the verification

notice, but the court concluded that it could lead the "least sophisticated consumer"[3] to believe that exercise of his/her verification rights required presentation of a piece of evidence from the list, and therefore violated FDCPA.

The collection letter at issue here is similarly confusing. The letter's statement regarding the debtor's right of verification, standing alone, provided a clear and accurate of the debtor's rights under the FDCPA. The letter also included, however, a statement directing the debtor to contact the sender and "explain the nature of the dispute" if she believes the debt is not valid. That statement suggests that a debtor must have a specific reason in order to demand verification of the debt. Under the Seventh Circuit's "unsophisticated consumer" standard, the letter's separate provisions regarding disputes are contradictory and confusing.

Defendant's argument that the letter's language encompasses the safe harbor language created by the Seventh Circuit misses the point. There is no dispute that the collection letter at issues includes the safe harbor language found in *Bartlett* and *Miller*. Indeed, Plaintiff is not suggesting that Defendant violated the statement merely by including some terms in addition to the minimum safe harbor language. She does not challenge Defendant's inclusion of additional language; instead, she challenges the substance of that language, which, as discussed, created ambiguity and confusion regarding the debtor's right to dispute and obtain verification of the debt. *See Miller*, 214 F.3d at 876 (FDCPA requirements met if debt collector employs safe harbor language and "does not add other words that confuse the message").

---

[3]     Many circuits examine debt collection letters under the FDCPA through the lens of the "least sophisticated consumer," however, the Seventh Circuit has rejected this standard in favor of an "unsophisticated consumer" standard. *Gammon*, 27 F.3d at 1257.

## CONCLUSION

For the reasons discussed above, the court grants Plaintiff's motion for summary judgment

(Doc. No. 23-1) and denies Defendant's motion for summary judgment (25-1).

ENTER:

Dated: June 27, 2005

REBECCA R. PALLMEYER
United States District Judge