

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| Jessica Mendez, f/k/a Cox, individually and on behalf of all others similarly situated,<br><br>  Plaintiff,<br><br>v.<br><br>M.R.S. Associates, a New Jersey corporation,<br><br>  Defendant. | No. 03 C 6753<br><br>Judge Pallmeyer |

## ORDER GRANTING FINAL APPROVAL OF
## CLASS ACTION SETTLEMENT

This cause comes before the Court for final approval of the Class Action Settlement Agreement and on the motion for Class Action Settlement, due notice having been given, and the Court being fully advised in the premises:

THE COURT HEREBY FINDS THAT:

1. The parties have entered into a Class Action Settlement Agreement ("Settlement Agreement") dated as of July 13, 2005.

2. On August 19, 2005, that Settlement Agreement was, pursuant to F.R.C.P. 23, preliminary approved and a settlement class was certified.

3. Pursuant to ¶ 8 of the Settlement Agreement, the Notice of the Class Action was mailed to the 4,347 members of the Settlement Class.

4. 249 members of the class have returned claim forms. No class members have objected to the settlement and no class members have opted-out.

5. The Complaint in this action alleges that Defendant violated the

Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

6.  MRS denies that it is liable in any way to Plaintiff or the Class she represents, denies that its actions violated the FDCPA in any manner and asserts that all actions taken by it were in compliance with applicable laws.

7.  The Complaint sought recovery of statutory damages pursuant to § 1692k of the FDCPA. Under § 1692k of the FDCPA, the maximum statutory damages recoverable by an individual plaintiff is $1,000 and the maximum statutory damages recoverable by a class is the lesser of 1% of the Defendant's net worth or $500,000. Here, Defendant has represented that 1% of its net worth is about $12,222.

8.  The Settlement Agreement calls for payment of $1,000 to the Class Representative, and a pro-rata distribution of a $10,000 settlement fund to each of the class members who returned a claim form, with a maximum payment of $25 per class member. Any portion of the settlement fund that is unclaimed by the Class, because the settlement check was returned as undeliverable or without a forwarding address, or because the check remains un-cashed 60 days after distribution, or because any funds otherwise remain after the distribution was calculated, shall be paid to the Chicago Legal Clinic as a cy pres remedy. The Court finds these amounts to be fair, adequate and reasonable for the following reasons, among others, the individual Plaintiff and the Class are receiving, and Defendant is paying an adequate amount of statutory damages under the FDCPA.

9.  The Court finds the settlement negotiations were conducted at arms-length and in good faith among all counsel and that the terms of the

Settlement Agreement are fair, reasonable and adequate to Plaintiff and all members of the Class. In addition to the other facts stated herein, the Court finds the Settlement Agreement to be particularly fair, adequate and reasonable in light of the risk and the expense of further litigation.

10. Pursuant to ¶¶'s 6 and 7 of the Settlement Agreement, the $10,000 Class settlement fund shall be sent by Class Counsel to First Class Inc., for distribution pro-rata to each member of the class who timely returns a claim form, with a maximum payment of $25 per Class Member. Any portion of the $10,000 which is unclaimed or undistributed to the Class shall be distributed to the Chicago Legal Clinic. Defendant shall pay First Class Inc., the administrative costs of distributing the Settlement Fund.

11. Pursuant to ¶ 7 of the Settlement Agreement, 120 days after final approval, Class Counsel shall provide the Court and Defendant with a report regarding the unclaimed/undistributed portion of the settlement fund.

12. Resolution of the issue of the amount of attorneys' fees and costs shall be determined through a Fee Petition pursuant to Local Rule 54.3, which petition is due on January 17, 2006.

13. Pursuant to ¶ 7 of the Settlement Agreement, within 21 days after the final approval of the settlement, Defendant shall pay $11,000 ($1,000 due to the Class Representative and $10,000 due to the Class Members) to the Gomolinski & Philipps, Ltd., Fiduciary Account.

**IT IS HEREBY ORDERED THAT:**

1. The July 13, 2005 Settlement Agreement, is hereby approved.

2. Plaintiff and every member of the Class, who did not exclude themselves from the class, shall be forever barred and enjoined from instituting or further prosecuting any action, in any forum whatsoever, including but not limited to, any State, Federal, or Foreign Court, against MRS, its past or present partners, principals, representatives, servants, parents, affiliates, subsidiaries, predecessors, successors, and assigns, and its present or former officers, directors, shareholders, members, employees, agents, insurers and attorneys, ("Released Parties") relating to any and all claims that were asserted or could have been asserted in the action styled Mendez v. M.R.S. Associates, Case No. 03 C 6753 (N.D. Ill.), and MRS shall be barred identically from pursuing any claim for relief under § 1692k(a)(3) of the FDCPA against Plaintiff or against any member of the Class arising out of the settled claims against MRS; however, the underlying debts, which MRS was attempting to collect, via the letter at issue, are in no way affected by this Order and nothing herein shall prevent MRS from continuing to attempt to collect the debts allegedly owed by the Plaintiff and the Class Members.

3. Within 21 days after final approval of the settlement Defendant shall pay $11,000 ($1,000 due to the Class representative and $10,000 due to the Class Members) to the Gomolinski & Philipps, Ltd., Fiduciary Account, and, thereafter, the $10,000 Class settlement

4

fund shall be sent by Class Counsel to First Class, Inc., for distribution pro-rata to each member of the class who timely returns a claim form, with a maximum payment of $25 per class member; 120 days after the final approval of the settlement, Class Counsel shall provide the Court and Defendant with a report regarding the unclaimed undistributed portion of the settlement fund, and shall distribute any remaining funds to the Chicago Legal Clinic as a <u>cy pres</u> remedy.

4. This Court reserves jurisdiction over all matters arising out of the Settlement Agreement, including, but not limited to, resolution of the amount of attorneys' fees and costs to be awarded Class Counsel.

5. This action is hereby dismissed with prejudice.

6. Except for the issue of the amount of attorneys' fees and costs to be awarded Class Counsel, this order resolves all claims against all parties in this action.

                                                                                       Judge Rebecca R. Pallmeyer,
United States District Court

DATED: October 19, 2005